1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  RACHPAL SINGH SRAN,                )        1:12-cv-01304 MJS HC
                                       )
11          Petitioner,                )
                                       )        ORDER DENYING, WITHOUT
12      v.                             )        PREJUDICE, RESPONDENT'S MOTION
                                       )        TO DISMISS
13                                     )
    P.D. BRAZELTON,                    )        [Doc. 9]
14                                     )
            Respondent.                )
15  _____   )

16

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley,

    Esq., of the Office of the Attorney General for the State of California. Both parties have

19  consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 8.)

20
## I.      BACKGROUND
21
            Petitioner is currently in the custody of the California Department of Corrections
22
    pursuant to a judgment of the Superior Court of California, County of Madera, upon pleading
23
    guilty to gross vehicular manslaughter while driving intoxicated. (See LD Nos. 1-2.[1]) On
24
    February 6, 2009, Petitioner was sentenced to serve an indeterminate term of fifteen years
25
    in prison. (Id.) Petitioner did not appeal his conviction.
26

27  _____

28          [1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1    Starting in October 2011, Petitioner filed four post-conviction collateral challenges with

2 respect to the judgment in the state courts. (See LDs. 4-11.)

3    On August 8, 2012[2], Petitioner filed the instant federal petition for writ of habeas corpus

4 in this Court. On November 6, 2012, Respondent filed a Motion to Dismiss the petition as

5 having been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).

6 Petitioner filed an opposition to the motion on January 7, 2013 and Respondent filed a reply

7 to the opposition on April 4, 2013.

8 **II.    DISCUSSION**

9    **A.    Procedural Grounds for Motion to Dismiss**

10    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

12 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

13 Cases.

14    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

15 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

16 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

17 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

18 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

19 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

20 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

21 after the court orders a response, and the Court should use Rule 4 standards to review the

22 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

23    In this case, Respondent's motion to dismiss is based on a violation of the one-year

24 limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

25 in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

26

27

28    [2] Although Petitioner's federal petition was filed on August 10, 2012, under the mailbox rule the Court will consider the petition filed on August 8, 2012, the date Petitioner signed the petition.

1   procedural default and Respondent has not yet filed a formal answer, the Court will review

2   Respondent's motion to dismiss pursuant to its authority under Rule 4.

3       **B.   Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

4       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

5   of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ

6   of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

7   S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

8   cert. denied, 118 S.Ct. 586 (1997).

9       In this case, the petition was filed on August 8, 2012, and therefore, it is subject to the

10  provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking

11  to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

12  § 2244, subdivision (d) reads:

13      (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.
14      The limitation period shall run from the latest of –

15      (A) the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;
16
        (B) the date on which the impediment to filing an application created by
17      State action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;
18
        (C) the date on which the constitutional right asserted was initially
19      recognized by the Supreme Court, if the right has been newly recognized by the
        Supreme Court and made retroactively applicable to cases on collateral review;
20      or

21      (D) the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due diligence.
22
        (2) The time during which a properly filed application for State post-conviction
23      or other collateral review with respect to the pertinent judgment or claim is
        pending shall not be counted toward any period of limitation under this
24      subsection.

25  28 U.S.C. § 2244(d).

26      Under § 2244(d)(1)(A), the limitations period begins running on the date that the

27  petitioner's direct review became final or the date of the expiration of the time for seeking such

28  review. In this case, Petitioner did not appeal his February 6, 2009 sentence.  Accordingly, his

conviction became final 60 days later on April 7, 2009. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on April 8, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from April 8, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until August 8, 2012, over two years after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on April 8, 2009. Petitioner failed to file any post-conviction collateral actions during the statute of limitations period and the limitations period expired on April 7, 2010. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on April 8, 2009, and expired on April 7, 2010. The present petition was filed on August 8, 2012, over two years after the expiration of the year statute of limitations period.  Accordingly, the instant federal petition is untimely.

### D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

### 1.   Petitioner's Assertions Regarding Equitable Tolling

Petitioner, in his opposition to the motion to dismiss, asserts that his mental disabilities should serve as a basis for equitable tolling. (Opp'n at 4-6, ECF No. 13.) In support of his claim he attaches several documents to support his claim that he had significant mental disabilities that impaired his ability to timely file his petition.  First, Petitioner attached a copy of an education evaluation report dated January 26, 1983, and prepared by a school psychologist while Petitioner was in high school.  (Id 11.) According to the report:

> Rachpal is a 17 year old boy who has acquired only enough units to be classified a freshman due to interruption of school attendance and limited abilities. He is functioning on second to third grade levels in basic academic skills areas. His rate of learning is extremely slow due to severe disabilities in auditory processing, language acquisition, concept development and visual-motor integration. Due to his age and limited academic ability it is unlikely that he will remain in school long enough to obtain his diploma.

(Id.) Based on his school records, Petitioner was placed on the institution's Learning Disability list. (Id. at 47.) On June 14, 2011, Petitioner was assessed while incarcerated using the Tests of Adult Basic Education ("TABE"). His reading and language ability tested at a second grade level, and his math ability tested at a third grade level. (See Pet. at 37.)

While the evidence produced by Petitioner is limited, the existing evidence is such as to show a strong likelihood Petitioner suffered lifelong mental disabilities which may have adversely affected his ability to prepare and file a petition during the time period he asserts he should benefit from equitable tolling.

### 2.     Analysis of Equitable Tolling Determination

The Ninth Circuit has determined that mental incompetence can represent an extraordinary circumstance and serve as a basis for equitable tolling under AEDPA. See Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. Cal. 2010); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." Laws, 351 F.3d 919, 922-23 (9th Cir. 2003). The Ninth Circuit has explained that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

(a) petitioner was unable rationally or factually to personally understand the need to timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file. The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (internal citations and footnote omitted). Therefore, in order to evaluate whether a petitioner is entitled to equitable tolling, a district court should:

(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own;

1    and (4) consider whether the circumstances demonstrate the petitioner was
     otherwise diligent in attempting to comply with the filing requirements.

2

3    Id. at 1100-01.

4          If the petition or the record contains some evidence of a period of mental incompetency,

5    courts have generally required further factual development of the record. See Laws 351 F.3d

6    at 923-24 (describing extended incompetency evaluations at petitioner's trial); Rohan ex rel.

7    Gates v. Woodford, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting

8    "serious mental problems for many years"); Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir.

9    2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214, 217 (2002)

10   (evidentiary hearing warranted where evidence showed "ongoing, if not consecutive, periods

11   of mental incompetency"). On the other hand, where a prisoner fails to show "any causal

12   connection" between the grounds upon which he asserts a right to equitable tolling and his

13   inability to timely file a federal habeas application, the equitable tolling claim will be denied.

14   Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling

15   inapplicable where prisoner fails to show causal connection between physical and mental

16   disabilities and inability to timely file petition.).

17         Respondent asserts that Petitioner has not met his burden of showing that his mental

18   disabilities served as an extraordinary circumstance that stood in Petitioner's way of timely

19   filing. (See Reply.) Respondent presents several arguments in support of his claim: (1) that

20   Petitioner did not allege a sufficient nexus between his mental condition and failure to timely

21   file, (2) that Petitioner did not make a sufficient showing of mental impairment and did not

22   provide any documentation of the impairment during the relevant time period, (3) and that

23   statements in the record that Petitioner was married, had children, owned and operated

24   businesses, and filed three state habeas petitions, show that he was not sufficiently mentally

25   impaired to be entitled to equitable tolling.

26         Conversely, Respondent does concede that Petitioner has presented at least some

27   evidence that he suffers from mental deficiencies. (See Reply at 9, 11.) ("Respondent

28

acknowledges that it does appear that Petitioner does suffer from mental deficiencies..." and "[Petitioner's] October 8, 2012, placement on the learning disability list and his low institutional educational score might arguably serve to establish that he has been operating at a decreased cognitive level since his incarceration...")

The Court holds that Petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing. Bills, 628 F.3d at 1100-01. Specifically, and consistently with Ninth Circuit authority, this Court holds that further factual development is required before the Court can determine whether Petitioner's mental capacity rendered him unable to prepare a habeas petition. See e.g., Laws v. Lamarque, 351 F.3d at 924 (Noting the inadequate record before the court, when petitioner's previous competence inquiry required the assistance of three psychiatrists and two psychologists.)

As noted, Petitioner has presented evidence in the form of testing and evaluations that throughout his life he has suffered from mental and cognitive deficiencies. Petitioner's reading and comprehension abilities were found to be at second to third grade level when tested in high school and while incarcerated. While the Court cannot at this juncture confirm the accuracy of the test results, or determine whether such mental deficiencies existed during the relevant time period and stood in the way of Petitioner's timely filing, Petitioner's showing is sufficient to require this Court to allow Petitioner to present more evidence to support his claims.

The Court can dismiss a petition only if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has alleged potential grounds for equitable tolling. It is possible that when given the benefit of equitable tolling, Petitioner could be found to have timely filed the instant petition. As issues of fact and law exist with regard to whether Petitioner timely filed the petition, it does not "plainly appear" that Petitioner is barred from relief based on the statute of limitations. Respondent has not met the pleading burden, and the motion to dismiss must be denied at this time.

1        The Court has not made a determination as to whether Petitioner is entitled to equitable

2   tolling. Should Respondent choose, he may file a renewed motion to dismiss addressing

3   equitable tolling issues upon expanding the record by way of discovery or even an evidentiary

4   hearing.[3] See Rules 6-8 of the Rules Governing Section 2254 Cases. However, it may be that

5   significant evidence, possibly including expert witness evidence, will be required to determine

6   such issues. Alternatively, Respondent may address Petitioner's claims on the merits.

7   **III.**   **CONCLUSION**

8        As explained above, Petitioner failed to file the instant petition for habeas corpus within

9   the one year limitation period required by 28 U.S.C. § 2244(d). However, Petitioner may be

10  excused from timely filing due to equitable tolling based on his medical condition. Accordingly,

11  it does not plainly appear that Petitioner is barred from relief based on the expiration of the

12  statute of limitations. Accordingly, this Court orders Respondent's motion to dismiss be denied

13  without prejudice to filing a renewed motion to dismiss based on the statute of limitations after

14  the record has been expanded. Alternatively, Respondent may address Petitioner's claims on

15  the merits.

16  **IV.**   **ORDER**

17       Accordingly, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Doc. 9)

18  is DENIED without prejudice. Respondent is to file a response to the Petition within sixty (60)

19  days of the issuance of this order.

20

21  IT IS SO ORDERED.

22  Dated:   April 16, 2013        /s/ *Michael J. Seng*

          UNITED STATES MAGISTRATE JUDGE

23

24

25

26  ――――――――――――――

27     [3] The Court notes that Petitioner presented other grounds for statutory tolling in his opposition to the motion. As the Court is not capable of addressing Petitioner's allegations of equitable tolling, it need not address

28  the merits of Petitioner's other claims of tolling at this time. Should Respondent file a renewed motion to dismiss, Petitioner's other claims of tolling should be addressed at that juncture.